IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JOHN CREW, ) | |
| Plaintiff, ) | |
| v. ) | 1:05cv156(JCC) |
| UNITED STATES POSTAL SERVICE, ) JOHN POTTER, POSTMASTER ) GENERAL ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant United States Postal Service's Motion to Dismiss or For Summary Judgment. For the following reasons, the Court will grant Defendant's Motion to Dismiss.

**I.  Background**

Plaintiff John Crew, a former Postal Service mail carrier, brings this action under Title VII, 42 U.S.C. § 2000e-16, alleging that he was "remov[ed]"[1] from his former employment with the United States Postal Service ("USPS") as a result of religious discrimination.

Crew was a city letter carrier in the Falls Church, Virginia post office from May 1994 to February 2002. He became a Seventh-Day Sabbath Keeper in April 2001. Crew claims that on

---

[1] Crew states that he "resigned his position as a city letter carrier after receiving a letter of termination." (Compl., ¶ 1).

April 6, 2001 he requested religious accommodation for Sabbath observance on Saturdays but that the Falls Church Postmaster did not offer reasonable accommodation.  Crew claims that disciplinary actions taking against him relating to his observance of the Sabbath led to his termination in February 2002.  Crew seeks reinstatement as a letter carrier for the USPS and the removal from his employment file of all adverse records relating to his observance of the Sabbath.

The USPS argues that Crew has failed to exhaust his administrative remedies before the Equal Employment Opportunity Commission ("EEOC") regarding his discharge.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Where subject matter jurisdiction is challenged, the factual allegations are assumed true.  *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Id*. (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v.*

*Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)).  The burden of proving subject matter jurisdiction is on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

### III.  Analysis

As a threshold matter, the Court must determine whether it has subject matter jurisdiction over this suit.  A federal employee must exhaust all available administrative remedies before bringing an employment discrimination complaint to federal court pursuant to Title VII.  *See* 42 U.S.C. § 2000e-16(c); *Brown v. General Serv. Admin.*, 425 U.S. 820, 832, (1976); *Zografov v. Veterans Admin, Med. Ctr.*, 779 F.2d 967, 968-69 (4th Cir. 1985).  As set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit

> on a complaint of discrimination based on race, color,
> religion, sex or national origin, brought pursuant to
> subsection (a) of this section, Executive Order 11478
> or any succeeding Executive orders, or after one
> hundred and eighty days from the filing of the initial
> charge with the department, agency, or unit or with the
> Equal Employment Opportunity Commission on appeal from
> a decision or order of such department, agency, or unit
> until such time as final action may be taken by a
> department, agency, or unit, an employee or applicant
> for employment, if aggrieved by the final disposition
> of his complaint, or by the failure to take final
> action on his complaint, may file a civil action as
> provided in section 2000e-5 of this title, in which
> civil action the head of the department, agency, or
> unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e-16(c)(2005).

Crew submitted a formal complaint of discrimination to the USPS on August 1, 2001.  He alleged that the USPS had discriminated against him by denying him leave to observe the Sabbath and by issuing him a letter of warning for being absent from work without leave on June 23, 2001.  By letter dated August 8, 2001, The USPS notified Crew of the issues accepted for investigation and informed Crew that he could notify the USPS of any disagreement over the issues within seven days.

By letter dated August 14, 2001, Crew advised the USPS that he disagreed with the issues accepted for investigation and requested the inclusion of another issue, the USPS's offer to Crew of a lower-paying position which would have allowed Crew to have the Sabbath as a regularly scheduled day off.  By letter dated September 26, 2001, the USPS advised Crew that it had accepted this additional issue for investigation.  Thus, the

three issues for investigation were: (1) Crew's allegation of religious discrimination when the USPS denied him leave without pay ("LWOP") on nine identified dates; (2) the offer of the lower-paying position; and (3) the issuance of the letter of warning.

In February, 2002, Crew was terminated. On August 22, 2002, he filed a motion to amend his EEOC complaint, seeking to add his termination as an additional issue for investigation. In her summary judgment decision, the Administrative Judge denied Crew's request as untimely.[2]

The USPS argues that Crew's Complaint should be dismissed because Crew failed to exhaust his administrative remedies before the EEOC regarding his discharge. Because Crew was terminated after the issues for investigation had already been decided, the Administrative Judge did not address the issue of Crew's termination.

Crew admitted during oral argument on the motions currently before the Court, and in his brief, that he did not exhaust his administrative remedies with regard to his allegedly discriminatory termination. Crew argues that he attempted to amend his EEOC complaint to include his discharge, but was prevented from doing so by the Administrative Judge, who denied

---

[2] Subsequently, the Administrative Judge Granted Summary Judgment in favor of the USPS. Crew's appeal was denied, and he was issued a right to sue letter on November 8, 2004.

Crew's motion to amend the EEOC complaint as untimely. Crew concedes that his motion to amend was untimely, but argues that the motion should have been granted, because the Administrative Judge recognized as timely the USPS's late response to the Administrative Judge's notice of intent to issue a decision without a hearing, pursuant to 29 C.F.R. 1614.109(g).

The decision of whether to permit the USPS to file a motion for decision without a hearing is not comparable to the decision of whether to permit a complainant to amend his EEOC complaint after the close of discovery. The Administrative Judge's decision to grant the USPS's motion, like summary judgment in federal court, worked to speed up the EEOC proceedings. A decision to grant Crew's untimely motion to amend the EEOC complaint, filed after the close of discovery, would have prolonged the proceedings. It was within the Administrative Judge's discretion to deny Crew's untimely motion.

Accordingly, Crew's instant charge of discriminatory termination was never before the EEOC. The scope of a civil action is confined by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination. *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999)(citing *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995)("Where. . . claims raised under Title VII exceed the scope of the EEOC charge and

any charges that would naturally have arisen from an investigation thereof, they are procedurally barred.")).  Crew's denied application to amend did not expand the scope of the EEOC complaint.

Because Crew failed to exhaust his administrative remedies with respect to his termination, and Katz's termination is the gravamen of his Complaint, the Court will dismiss Crew's Complaint for lack of subject matter jurisdiction.  *See* 42 U.S.C. § 2000e-16(c).

### Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss and deny Defendant's Motion for Summary Judgment as moot.

June 17, 2005                         /s/ James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE